UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **ARLETHA JENE CAREY and RICHARD CAREY**,<br><br>          Plaintiffs,<br>vs.<br><br>**UNITED STATES OF AMERICA**,<br><br>          Defendant. | Case No.: 2:10-cv-00146-GMN-LRL<br><br>**ORDER**<br>**(Doc. #6)** |

Defendant, United States of America (the "United States") filed a Motion to Dismiss the Complaint (Doc # 6) filed by Plaintiff Arletha "Jene" Carey and Richard Cary, husband and wife, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure claiming Plaintiffs were required to submit with their Complaint an affidavit from a qualified medical expert as required by NRS 47A.071 to support their allegations of medical malpractice against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  Defendant also raises other issues that need not be addressed by the Court at this time.[1]  In their Response (Doc #8) Plaintiffs argue that the affidavit is not required because the malpractice action is based solely on the res ipsa loquitor doctrine and the Nevada statute excludes such cases from the affidavit requirement. See NRS 41A.100 (1)(d).

/ / /

---

[1] As the decision of the Court herein is dispositive of the case, the other issues raised by Defendants are moot.

Nevada law provides in relevant part as follows:

> "If an action for medical malpractice or dental malpractice is filed in the district court, the district court *shall* dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice."

NRS 47A.071 (emphasis added). While the statute does provide an exception to the medical expert affidavit requirements based on res ipsa loquitor, Plaintiffs did not plead res ipsa loquitor in general or NRS 41A.100(1)(d) in particular in the Complaint. In the alternative, Plaintiffs have requested that the Court allow them to attach the required affidavit to the Complaint and has attached it to their Response (Doc # 8). Despite this reasonable request, Nevada law is clear.

"A complaint that does not comply with NRS 41A.071 is void and must be dismissed; no amendment is permitted," *Washoe Med. Ctr. v. Second Jud. Dist. Ct.*, 148 P.3d 790, 794 (Nev. 2006).

Therefore, the Defendant's MOTION TO DISMISS is hereby GRANTED.

DATED this 9th day of September, 2010.

_____
Gloria M. Navarro
United States District Judge